Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5266
Email: bwilson@hawleytroxell.com

Attorneys for Trustee Noah G. Hillen

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | Case No. 19-01468-JMM |
| JACKLYN LEE BAUER, ) | |
| Debtor. ) | Chapter 7 |

## APPLICATION TO EMPLOY COUNSEL

**Notice of Application to Employ Counsel
and Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty-one (21) days** of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

APPLICATION TO EMPLOY COUNSEL - 1

48489.0020.12663679.1

Chapter 7 Trustee, Noah G. Hillen ("**Trustee**") applies to the Court, pursuant to Title 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014(a), to approve employment of HAWLEY TROXELL ENNIS & HAWLEY LLP as counsel for the Trustee on the following terms and conditions set forth herein below.  Trustee respectfully represents the following in support of the application:

1. Bankruptcy Petition:  On December 18, 2019, Jacklyn Lee Bauer (the "**Debtor**") filed for relief under Chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho.

2. Appointment of Trustee: The Trustee was thereafter appointed to administer the Chapter 7 bankruptcy proceeding.

3. Name and Address of Counsel:

    a. Firm Name: HAWLEY TROXELL ENNIS & HAWLEY LLP

    b. Attorney Name: Brent R. Wilson

    c. Address: 877 Main Street, Suite 1000, Boise ID 83702

    d. Phone number: (208) 344-6000 ("**Counsel**").

4. Compensation: Compensation shall be calculated in a manner consistent with the contract for employment attached hereto on an hourly basis. Compensation shall include reimbursement for expenses incurred, to include, but not limited to: court filing fees, fees for service of any pleading or document, witness fees, travel and lodging, photocopy expenses, expert witness fees, telephone charges, and charges for reporting and transcribing of depositions.

APPLICATION TO EMPLOY COUNSEL - 2

5. <u>Necessity of Employment:</u> The Trustee needs to employ Counsel to assist the Trustee with the following matter:

   a. Pursue potential claims held by the Estate; and
   b. Otherwise represent the Trustee in the bankruptcy case.

6. <u>Reason for Selection of Counsel:</u> The Trustee has determined that Counsel has the expertise and skill to pursue the matters detailed above.

7. <u>Contract with Counsel:</u> That attached hereto as **Exhibit A** is a true and correct copy of the contract entered into between the Trustee and Counsel.

8. <u>Counsel Connections to Parties in Interest:</u>  To the best of the Trustee's knowledge, Counsel is a disinterested person, and does not hold an interest adverse to the bankruptcy estate with respect to the matters for which Counsel is to be employed, as outlined in the concurrently filed Verified Statement of Counsel.  In addition, to the best of the Trustee's knowledge, Counsel does not have any connections with the Debtor, with a creditor of the bankruptcy estate, any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee in relation to this bankruptcy proceeding, except normal professional relationships with the same.

9. <u>Disinterested Person:</u>  Trustee believes that Counsel and its members and associates do not hold or represent any interest adverse to that of the Trustee or the Debtor's bankruptcy estate with respect to the matters for which Counsel is to be employed, and that said law firm is a disinterested person within the meaning of 11 U.S.C. § 101(14).

**WHEREFORE**, the Chapter 7 Trustee requests that the Trustee be authorized to employ

APPLICATION TO EMPLOY COUNSEL - 3

Counsel to render the services described in this application with compensation to be paid as an administrative expense in such amounts as the court may hereafter determine are just and reasonable pursuant to 11 U.S.C. §§ 327 and 330.

DATED THIS 4th day of March, 2020.

By: /s/ Noah G. Hillen
Noah G. Hillen
Chapter 7 Bankruptcy Trustee

APPLICATION TO EMPLOY COUNSEL - 4

48489.0020.12663679.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2020, I electronically filed the foregoing APPLICATION TO EMPLOY COUNSEL with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Hyrum M. Zeyer | hyrum@petersonzeyerlaw.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

**Jacklyn Lee Bauer**
P.O. Box 5654
Boise, Idaho 83705

/s/ Brent R. Wilson
Brent R. Wilson

APPLICATION TO EMPLOY COUNSEL - 5

48489.0020.12663679.1

# EMPLOYMENT CONTRACT

THIS EMPLOYMENT CONTRACT ("**Contract**") is made and entered into this **4th day of March, 2020**, by and between Noah G. Hillen, as the Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Jacklyn Lee Bauer, and Hawley Troxell Ennis & Hawley LLP, 877 Main Street, Suite 1000, P.O. Box 1617, Boise, Idaho 83701-1617 ("**Attorneys**").  Trustee and the Attorneys are collectively referenced as the "**Parties**."

## RECITALS

A. WHEREAS, the Trustee has been appointed as the Chapter 7 Trustee of the bankruptcy estate of Jacklyn Lee Bauer (the "**Estate**"), Case No. 19-01468-JMM, filed in the U.S. Bankruptcy Court for the District of Idaho (the "**Bankruptcy Proceeding**"); and

B. WHEREAS, the Trustee, as representative of the Estate, may be the owner of certain claims against an entity and/or other potential claims (the "**Claims**"); and

C. WHEREAS, the Trustee has requested assistance of Attorneys to assist in the investigation and/or prosecution of the potential Claims in the Bankruptcy Proceeding; and

D. WHEREAS, after investigation into the Claims and issues involved, the Trustee believes, and the Attorneys agree, that it is in the Estate's best interest and the Trustee wishes to have the Attorneys' handle the representation on an hourly-fee basis.

NOW THEREFORE, for and in consideration of the covenants and contracts herein, the Parties agree as follows:

1. **Scope of Representation.**  That the Attorneys act as general counsel for the Trustee on an hourly-fee basis, to assist the Trustee in the matters described above, and any other issues with which the Trustee desires assistance.

2. **Compensation.**  For the representation of the Trustee in the matters described above, the attorneys will be compensated on an hourly-fee basis, plus costs, at the following hourly rates:

| Attorney Name | Hourly Rate |
| --- | --- |
| Brent Wilson | $220.00 |

The rates above are for the year 2020.  Billing rates are subject to adjustment annually.

3. It is understood that there will be no payment made for attorneys' fees unless the Estate has assets available for distribution.  However, if the Estate has assets, whether by sale, settlement, trial or otherwise, the payment of attorneys' fees will be from the assets of the Estate, after deduction of any costs or expenses as hereinafter provided.

4. It is agreed that if the Trustee or Estate accepts a structured settlement for any matter in which the Estate receives present and future payments, the fee shall be due and payable on the date any such structured settlement Contact is executed.

EMPLOYMENT CONTRACT - 1

5.  **Costs and Expenses.**  The Parties agree that the Trustee or the Estate shall be responsible for all costs or expenses.  Costs or expenses may include, but are not necessarily limited to, the following:

- (a) Court filing fees;
- (b) Fees for service of any pleading or document;
- (c) Witness fees;
- (d) Travel and lodging for witnesses and attorneys;
- (e) Expenses for charges for photocopies;
- (f) Costs of preparing models, maps, pictures, photographs, and other exhibits;
- (g) Costs of all bond premiums;
- (h) Expert witness fees;
- (i) Charges for reporting and transcribing of depositions; and
- (j) Fees and charges in connection with testimony, preparation of testimony, interviews, and preparation of reports.

Attorneys' fees are not considered costs or expenses.  Attorneys' fees are those amounts that represent the time spent by attorneys in prosecuting the claims of the Trustee and/or the Estate.

6.  **Bankruptcy Court Approval.**  The Parties understand and agree that this Contract is subject to U.S. Bankruptcy Court approval and, in addition, even if the Contract is approved by the U.S. Bankruptcy Court, any and all compensation to Attorneys shall be subject to U.S. Bankruptcy Court approval after an application for compensation is filed with the U.S. Bankruptcy Court.

7.  **Cooperation.**  It is understood by the Trustee that the Trustee will cooperate fully with the Attorneys in providing them all information at the Trustee's disposal, and in assisting the Attorneys in gathering evidence, preparing for trial, and that the Trustee will be present at trial and, if requested, at any hearings that the Attorneys deem advisable.

8.  **Award of Attorneys' Fees.**  The Trustee has been informed that Idaho Code § 12-121 entitled "Attorney Fees" states as follows:

In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorneys' fees.

It is understood that should the Trustee be awarded attorneys' fees by the court, pursuant to Rule of Civil Procedure 54 (or any other rule or statute), such an award does not fix the fees between the Attorneys and the Trustee.  Further, any such award of attorneys' fees shall be added to the amount of all other sums obtained on behalf of the Trustee.

9.  **Award of Costs.**  The Trustee has been informed that pursuant to Rule of Civil Procedure 54 and Federal Rule of Bankruptcy Procedure 7054 (or other similar federal or local rules), the

EMPLOYMENT CONTRACT - 2

48489.0020.12663721.1

Court may allow an award of costs to the prevailing party if the action culminates in a judgment entered by the Court.  Costs under Rule 54 or 7054 may or may not be the same as the costs or entered by the Court.  Costs under Rule 54 or 7054 may or may not be the same as the costs or expenses listed in paragraph 5 above.  If an award of costs is granted to the Trustee, such amount will be added to the amount of all other sums obtained on behalf of the Trustee.

10.  **Employment of Experts.**  The Attorneys, with the approval or authorization of the Trustee, which will not be unreasonably withheld, may employ (i) experts or other investigative personnel to assist in liquidating the assets or pursuing the claims; and (ii) other technical experts to examine and investigate the facts surrounding the subject matter of the Bankruptcy Proceeding and report the facts of the subject matter of the action.  Notwithstanding the foregoing, the Attorneys may not employ "attorneys, accountants, appraisers, auctioneers, or other professional persons" without the approval of the U.S. Bankruptcy Court pursuant to 11 U.S.C. § 327.  All such experts shall report exclusively to the Attorneys.  Fees charged by such expert witnesses and investigators shall be considered costs and/or expenses.

11.  **Collection of Settlement Proceeds.**  The Attorneys may receive the liquidation, settlement, or judgment amounts and may retain therefrom the attorneys' fees due, plus the amount of costs or expenses advanced, subject to bankruptcy court approval.  The Attorneys may pay from said settlement or judgment amount the costs and expenses arising from the Trustee's claims or actions.

12.  **Withdrawal.**  The Attorneys may withdraw from representation of the Trustee at any time, on reasonable notice to the Trustee.  In the event of withdrawal of representation, the Attorneys shall be entitled to reimbursement for any costs and expenses incurred, and all attorneys' fees incurred on a quantum meruit basis, at the hourly rates set forth in paragraph 2.

13.  **Representations or Warranties.**  The Attorneys shall make no warranties or representations concerning the successful resolution and termination of the claims or the favorable outcome of any legal action that may be filed.  All statements of the Attorneys on these matters are only statements of opinion.  The Attorneys do not warrant or guarantee that they will obtain reimbursement for the Trustee or the Estate of any of the costs and expenses incurred by the Attorneys in representing the interests of the Trustee and the Estate.

14.  **Power of Attorney.**  The Trustee hereby gives the Attorneys the Trustee's power of attorney to execute all documents connected with the matters for which the Attorneys are retained, including pleadings, contracts, commercial paper, settlement agreements, compromises and releases, verifications, dismissals, orders, and all other documents that the Trustee could properly execute.

15.  **Notices.**  Any notices required under this Contract shall be in writing and shall be deemed to have duly served if delivered in person to the party for whom it is intended, or if delivered at or sent by registered or certified mail to the address of the person for whom it is intended.

16.  **Governing Law.**  The laws of the State of Idaho shall govern the construction and interpretation of this Contract.

17.  **Entire Agreement.**  This Contract supersedes all prior Contracts between the Parties related to the Bankruptcy Proceeding and contains the entire agreement of the Parties regarding the Bankruptcy Proceeding.  No representations, promises or contracts, oral or otherwise, which are not contained in this Contract shall be of any force or effect.

18.  **Assignment.**  The Trustee shall not assign the Trustee's interest in all or any portion of the cause of action that is the subject of this Contract without the prior written approval of the Attorneys.

EMPLOYMENT CONTRACT - 3

48489.0020.12663721.1

19. **Modification.** This Contract may not be amended, modified, or changed except by a writing signed by the Parties.

20. **Counterparts**. This Contract may be executed in counterparts and via facsimile or pdf, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with the other signed counterparts, shall constitute one Contract, which shall be binding upon and effective as to the Parties.

_____
Hawley Troxell Ennis & Hawley LLP
By: Brent R. Wilson

_____
Noah G. Hillen
Chapter 7 Bankruptcy Trustee

EMPLOYMENT CONTRACT - 4

48489.0020.12663721.1